JUDGE ROBERTSON
delivered the opinion of the court.
The appellant employed Tompkins to take a lot of his cattle to Louisville and sell them, and also engaged Stark as a servant to drive and take care of them. A few hours after their arrival in Louisville Stark sold several head in the absence of Tompkins and “ eloped.”
The appellee, claiming to have bought two from Stark, refused to restore them to Tompkins, or to pay him for them. This action claims damages for a tortious conversion; and this appeal seeks a reversal of the judgment on a verdict for the appellee.
Whether there was sufficient evidence of a purchase from Stark in good faith, or of payment to him of a fair price, or of any price, we need not now consider, as, independently of the evidence, the judgment will be reversed and a new trial granted.
While it is admitted that Tompkins, as agent- and only-agent to sell, had no authority to delegate the trust, yet if he permitted Stark to negotiate for him the terms, and then before delivery ratified them, the sale was in fact as w¿ll as in law his, and not Stark’s; and therefore the court below, tacitly conceding that the constituent’s power could not be delegated to Stark by Tompkins as the sole donee intrusted with the power, nevertheless instructed the jury that “if Tompkins by himself, or Stark with the approbation and under the authority and control of Tomp *468 kins, made sale of the cattle to defendant, they should find for the defendant;”
This instruction, whatever the court may have intended, was by itself without explanation, ambiguous, and perhaps misleading; and the'facts applied.to the verdict conduce to the conclusion that the jury did misunderstand and misapply the true principle of law and the intent of the judge; and consequently he erred also in refusing to give instruction six, explaining what was intended by Tompkins’s “approbation” and “control” offered by the appellant in the following terms: “A sale made by Stark in the absence of Tompkins, when Tompkins could not control the sale and its terms, was not a sale made under the authority and control of Tompkins.”
The proof is indisputable that Tompkins was not only absent and could not control the sale, but that, refusing to ratify it, he absolutely repudiated it and demanded restitution.
It is evident therefore that the verdict resulted from a mistake in the law of the ease either by the judge or the jury, or both; consequently a new trial ought to have been granted, as urged by the appellant.
Wherefore the judgment is reversed, and the cause remanded for a new trial.